2017R00368/JTE/JNM/DAW

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 17-208 (SRC) |
| | : | |
| v. | : | |
| | : | |
| AIMAN HAMDAN | : | 18 U.S.C. §1952(a)(3) and 2 |

S U P E R S E D I N G    I N F O R M A T I O N

The defendant having waived in open court prosecution by indictment, the Acting United States Attorney for the District of New Jersey charges:

1.   At all times relevant to this Information:

a.   The defendant, AIMAN HAMDAN, was a medical doctor licensed to practice medicine in the State of New Jersey whose cardiology practice was located in, among other locations, Fair Lawn, and Clifton, New Jersey.

b.   Biodiagnostic Laboratory Services, LLC ("BLS") was a clinical blood laboratory headquartered in Parsippany, New Jersey that, among other things, performed tests on the blood specimens of patients referred to BLS by doctors,

- 1 -

and then billed payors and others for those tests and related services.

        c.    The Medicare Program ("Medicare") was a federal program that provided free or below-cost health care benefits to certain individuals, primarily the elderly, blind, and disabled.

        d.    The Medicare Part B program was a federally funded supplemental insurance program that provided supplementary Medicare insurance benefits for individuals aged sixty-five or older, and certain individuals who are disabled. The Medicare Part B program paid for various medical services for beneficiaries, including blood tests and related services.

        e.    Medicare is a "Federal health care program" as defined in Title 42, United States Code, Section 1320a-7b(f), and a "health care benefit program" as defined in Title 18, United States Code, Section 24(b). Individuals who receive benefits under Medicare are commonly referred to as "beneficiaries."

        f.    BLS was approved as a provider by Medicare, and was paid for performing blood tests and related services on beneficiaries who were referred to BLS by physicians participating in Medicare.

- 2 -

g.   BLS billed, and was paid by, various private health care insurance companies (collectively, the "Private Insurers") in the business of providing health care insurance to individuals and entities under various insurance policies (the "Insureds"), pursuant to which the Private Insurers paid BLS for blood tests and related services performed for Insureds who had been referred to BLS by Physicians.

h.   BLS paid sales representatives a commission based on the amount of revenue received by BLS from Medicare, Tricare, and the Private Insurers for the performance of blood tests and related services performed on blood specimens referred to BLS by Physicians the sales representatives recruited or serviced.

i.   David Nicoll, who is a co-conspirator not charged herein, was an owner and the President of BLS and generally exercised control over the operations of BLS.

j.   Scott Nicoll, who is a co-conspirator not charged herein, was employed by and acted on behalf of BLS. In addition, beginning in or about 2010, Scott Nicoll caused the formation of an entity called Nicoll Brothers Consulting, LLC.

2.   From at least in or about September 2008 through in or about November 2008, in the District of New Jersey, and elsewhere, defendant

AIMAN HAMDAN

knowingly and intentionally used and caused to be used the mail and any facility in interstate commerce with the intent to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of an unlawful activity, that is, commercial bribery, contrary to N.J.S.A. § 2C:21-10 and Title 18, United States Code, Section 1952(a)(3) and, thereafter, did perform and attempt to perform acts to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of such unlawful activity, to include, as follows:

a.   In or about September 2008, David Nicoll, on behalf of BLS, paid defendant AIMAN HAMDAN a bribe, in that BLS provided AIMAN HAMDAN and others with a loan of $500,000.

b.   In return, from in or about October 2008 through November 2008, defendant AIMAN HAMDAN referred patient blood specimens, and caused patient blood samples to be referred, to BLS that BLS used to submit claims to Medicare and the Private Insurers and collect from those payors approximately $53,000.

- 4 -

c.    The claims BLS submitted for blood testing and other services to Medicare and the Private Insurers included charges for tests on blood specimens referred to BLS by defendant AIMAN HAMDAN in return for the bribe.

d.    On or about October 28, 2008, Medicare paid BLS, by check sent via U.S. mail, a sum of money for claims and related items submitted by BLS for blood testing on a Medicare beneficiary referred to BLS by or at the direction of defendant AIMAN HAMDAN in return for the bribe.

e.    On or about November 5, 2008, AIMAN HAMDAN referred additional patient blood specimens, or caused additional patient blood specimens to be referred, to BLS for testing and related services.

In violation of Title 18, United States Code, Section 1952(a)(3) and Title 18, United States Code, Section 2.

- 5 -

## FORFEITURE ALLEGATION

1.    Upon conviction of the offense in violation of Title 18, United States Code, Sections 1952(a)(3) and 2 charged in this Information, which is an offense constituting specified unlawful activity as defined in 18 U.S.C. § 1956(c)(7), defendant, AIMAN HAMDAN, shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), all property, real and personal, obtained by the defendant that constitutes or is derived from proceeds traceable to the commission of the offense charged in this Information, and all property traceable thereto, the approximate value of which was $15,000.

2.    If any of the property described above, as a result of any act or omission of the defendant:

a.    cannot be located upon the exercise of due diligence;

b.    has been transferred or sold to, or deposited with, a third party;

c.    has been placed beyond the jurisdiction of the court;

d.    has been substantially diminished in value; or

e.    has been commingled with other property which cannot be divided without difficulty, the United States shall be

- 6 -

entitled, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 21, United States Code, Section 853(p), to forfeiture of any other property of defendant AIMAN HAMDAN up to the value of the property described in the preceding paragraph.

WILLIAM E. FITZPATRICK
ACTING UNITED STATES ATTORNEY

- 7 -

CASE NUMBER:   17-208 (SRC)

# United States District Court
## District of New Jersey

UNITED STATES OF AMERICA

v.

AIMAN HAMDAN

# SUPERSEDING INFORMATION FOR
## 18 U.S.C. § 1952(a)(3)

WILLIAM E. FITZPATRICK

*ACTING UNITED STATES ATTORNEY, NEWARK, NEW JERSEY*

**JOSEPH N. MINISH, DANIELLE ALFONZO WAISMAN**

*ASSISTANT U.S. ATTORNEYS*
*NEWARK, NEW JERSEY*
*973-645-2700*