

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*970 Broad Street, 7ᵗʰ floor*          *973-645-2700*
*Newark, New Jersey 07102*

November 7, 2017

***Via Electronic Mail***

Lee Vartan, Esq.
Chiesa Shahinian & Giantomasi P.C.
One Boland Drive
West Orange, NJ 07052

Joseph Hayden, Jr.
Pashman Stein Walder Hayden
Court Plaza South
21 Main Street, Suite 200
Hackensack, NJ 07601

      Re:  <u>Plea Agreement with Aiman Hamdan</u>

Dear Counsel:

      This letter sets forth the plea agreement between your client, Aiman Hamdan, and the United States Attorney for the District of New Jersey ("this Office"). This plea agreement will expire if the defendant's guilty plea is not entered in Court on or before November 15, 2017.

<u>Charge</u>

      Conditioned on the understandings specified below, this Office will accept a guilty plea from Aiman Hamdan to a Superseding Information, Crim. No. 17-208 (SRC), which charges the acceptance of bribes, contrary to N.J.S.A. § 2C:21-10, in violation of 18 U.S.C. § 1952(a)(3). If Aiman Hamdan enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Aiman Hamdan for the acceptance of bribes for the referral of blood specimens to Biodiagnostic Laboratory Services, LLC from September 2008 through April 2013. However, in the event that a guilty plea

in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, defendant agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Aiman Hamdan may be commenced against him, notwithstanding the expiration of the limitations period after Aiman Hamdan signs the agreement.

Sentencing

The violation of 18 U.S.C. § 1952(a)(3) to which Aiman Hamdan agrees to plead guilty carries a statutory maximum prison sentence of five years and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Aiman Hamdan is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Aiman Hamdan ultimately will receive.

Further, in addition to imposing any other penalty on Aiman Hamdan, the sentencing judge: (1) will order Aiman Hamdan to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order Aiman Hamdan to pay restitution pursuant to 18 U.S.C. § 3663 et seq., 18 U.S.C. § 3563(b)(2), or 18 U.S.C. § 3583(d); (3) may order Aiman Hamdan, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offenses; (4) must order forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853, and 28 U.S.C. § 2461; and (5) pursuant to 18 U.S.C. § 3583, may require Aiman Hamdan to serve a term of supervised release of not more than three years, which will begin at the expiration of any term of imprisonment imposed. Should Aiman Hamdan be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Aiman Hamdan may be sentenced to not more than two years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of

- 2 -

imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

<u>Rights of This Office Regarding Sentencing</u>

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Aiman Hamdan by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Aiman Hamdan's activities and relevant conduct with respect to this case.

<u>Stipulations</u>

This Office and Aiman Hamdan agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Aiman Hamdan from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Aiman Hamdan waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Forfeiture

As part of his acceptance of responsibility, and pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), Aiman Hamdan agrees to forfeit to the United States all of his right, title, and interest in any property, real or personal, which constitutes or is derived from proceeds the defendant obtained that are traceable to the offense charged in the Superseding Information. Aiman Hamdan further agrees that the value of such property was $15,000; that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists; and that the United States is therefore entitled to forfeit substitute assets equal to the value of the proceeds obtained the defendant, in an amount not to exceed $15,000 (the "Money Judgment"). The defendant consents to the entry of an order requiring the defendant to pay the Money Judgment, in the manner described below (the "Order"), and that the Order will be final as to the defendant prior to sentencing, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, and which may be satisfied in whole or in part with substitute assets. The defendant further agrees that upon entry of the Order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of property sufficient to pay the Money Judgment in full or in connection with any petitions filed with regard to proceeds or substitute assets, including depositions, interrogatories, and requests for production of documents, and the issuance of subpoenas.

All payments made in full or partial satisfaction of the Money Judgment shall be made by postal money order, bank, or certified check, made payable in this instance to the United States Marshals Service, indicating the defendant's name and case number on the face of the check; and shall be delivered by mail to the United States Attorney's Office, District of New Jersey, Attn: Asset Forfeiture and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102.

Aiman Hamdan waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Aiman Hamdan understands that criminal forfeiture is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule

- 4 -

11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. Aiman Hamdan waives any and all constitutional, statutory, and other challenges to the forfeiture on any and all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment. It is further understood that any forfeiture of Aiman Hamdan's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture.

Aiman Hamdan further agrees that, if he has not paid his forfeiture in full at least 30 days prior to his sentencing, then, by the date of his sentencing, he will provide a complete and accurate Financial Disclosure Statement on the form provided by this Office. If Aiman Hamdan fails to provide a complete and accurate Financial Disclosure Statement by the date he is sentenced, or if this Office determines that Aiman Hamdan has intentionally failed to disclose assets on his Financial Disclosure Statement, Aiman Hamdan agrees that that failure constitutes a material breach of this agreement, and this Office reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

Aiman Hamdan further understands that, in the event his wife and co-defendant, Kristina Hamdan, is convicted in the above-captioned case, the United States will seek entry of a criminal forfeiture order against her for money and property, including substitute assets, which will include property directly or indirectly acquired by them or either of them during their marriage (the "marital property"). In the event the United States applies for an order of forfeiture for marital property, Aiman Hamdan, on his own behalf, and on behalf of any companies or partnerships in which he has an interest, his minor children, and any other transferees or nominee owners of the marital property, agrees that he will not assert any claim to or ownership interest in the marital property regardless of the name in which such property is held. Aiman Hamdan further agrees that he will not take any legal or other action to delay or prevent the transfer of title of forfeited marital property and that he will sign any documents necessary to effect the transfer of such marital property to the United States. In entering into this plea agreement, Aiman Hamdan further understands and agrees that any transfer of assets by Aiman Hamdan or Kristina Hamdan or either of them may be considered an attempt to protect the property from forfeiture and could constitute a violation of this plea agreement.

- 5 -

Immigration Consequences

The defendant understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization.  The defendant understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. The defendant wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. The defendant understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Aiman Hamdan.  This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service), or any third party from initiating or prosecuting any civil or administrative proceeding against Aiman Hamdan.

No provision of this agreement shall preclude Aiman Hamdan from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Aiman Hamdan received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the plea agreement between Aiman Hamdan and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

William E. Fitzpatrick
Acting United States Attorney

By:   Danielle Alfonzo Walsman
      Joseph N. Minish
      Assistant U.S. Attorneys

APPROVED:

Jacob T. Elberg, Unit Chief
Health Care & Government Fraud Unit

- 7 -

I have received this letter from my attorney, Lee Vartan, Esq.  I have read it.  My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____
Aiman Hamdan

Date:
11/8/2017

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

Lee Vartan, Esq.

Date:
11/8/17

- 8 -

Plea Agreement with Aiman Hamdan

Schedule A

     1.    This Office and Aiman Hamdan agree to stipulate to the following facts:

     a. The value of the improper benefit to be conferred was approximately $48,000, and thus is more than $40,000 but was not more than $95,000.  Section 2B4.1 (b)(1)(B) of the United States Sentencing Guidelines applies.

     b. Aiman Hamdan abused a position of public or private trust in a manner that significantly facilitated the commission of the relevant criminal activity.

     c. As of the date of this letter, Aiman Hamdan has clearly demonstrated a recognition and affirmative acceptance of responsibility for the offense charged.

     d. As of the date of this letter, Aiman Hamdan has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government and the court to allocate their resources efficiently.

     2.    Aiman Hamdan knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 13.  This Office will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 13.  The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category.  The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein.  Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

     3. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph

and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.