NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | **Criminal No. 17-208 (SRC)** |
| v. |  |
| AIMAN HAMDAN, | **OPINION & ORDER** |

**CHESLER**, District Judge

This matter comes before the Court upon the letter request filed by Defendant Aiman Hamdan ("Dr. Hamdan") for a reduction in the term of his probation. The United States of America (the "Government") opposes the application. The Court has considered the submissions filed and, for the reasons set forth below, will grant Dr. Hamdan's application and order his probation to conclude one year early, on March 28, 2020.

On November 15, 2017, Dr. Hamdan pled guilty to a one-count Superseding Information charging him with violating 18 U.S.C. § 1952(a)(3) by referring blood specimens from patients in his cardiology practice to a particular laboratory in exchange for payment. The charged criminal conduct occurred between September and November 2008. On March 28, 2018, the Court sentenced Dr. Hamdan to a term of three years' probation and further imposed 600 hours of community service, a $10,000 fine, and restitution.

1

Dr. Hamdan now moves for early termination of his probation, primarily on the grounds that he has fully complied with the penalties imposed and that the continuing term of probation impedes his ability to practice medicine and thus earn a living to support his family, which includes three minor children and two college-age adult children. Dr. Hamdan, the Court notes, is currently unable to work as a cardiologist in the United States because his medical license has been suspended and because the Centers for Medicare and Medicaid Services has barred him for a period of five years. However, Dr. Hamdan, who is a citizen of both the United States and Jordan, has been afforded an opportunity to practice medicine abroad. In particular, the Maayah Medical Center, located in Amman, Jordan, has offered Dr. Hamdan full-time employment as a doctor. In support of his application, Dr. Hamdan has submitted a letter from the Maayah Medical Center expressing its need for a physician with Dr. Hamdan's credentials and confirming its job offer to Dr. Hamdan with full knowledge of his criminal sentence of probation. Dr. Hamdan seeks to have his probation terminated so that he may travel to Jordan and secure gainful employment as a physician.

This motion is subject to 18 U.S.C. § 3564(c), which authorizes a court, upon consideration of the factors set forth in 18 U.S.C. § 3553(a), to terminate a term of probation "at any time after the expiration of one year of probation . . . if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice." 18 U.S.C. § 3564(c). A court has discretion in determining whether to take such action. United States v. Floyd, 491 F. App'x 331, 332 and n.2 (3d Cir. 2012) (applying an abuse of discretion standard to review a district court's decision on a defendant's motion to modify the terms of probation); see also United States v. Paterno, no. 99-CR-037, 2002 WL 1065682, at *2 (D.N.J. Apr. 30, 2002)

(consulting jurisprudence on early termination of supervised release under Section 3583(e) and noting that "[c]ourts generally agree that early termination is a discretionary decision that is only warranted in cases where the defendant shows changed circumstances, such as exceptionally good behavior.").

The Court has considered the factors set forth in Section 3553(a) and finds the criteria for early termination of probation satisfied. There is no dispute that Dr. Hamdan's underlying criminal conduct occurred over a period of approximately two to three months. His role in a much larger bribery scheme was minor, and his non-custodial sentence reflected that limited role. Dr. Hamdan has already served almost two of three years of his probation. In that time, he has demonstrated exceptional compliance with the conditions of the sentence, including performance of community service hours in excess of those ordered and full satisfaction of all monetary penalties. The punitive goals of the sentence imposed by the Court have been accomplished, and the requested reduction of the probationary term would not undermine the punishment. In addition, Dr. Hamdan presents no identified risk of harm to the public and has demonstrated the ability to self-manage without supervision, as evidenced by his recent reduction to the lowest level of supervision by the United States Probation Office. Indeed, while the U.S. Probation Office does not take a position on the instant motion, it does express the view that Dr. Hamdan meets the statutory criteria for early termination of probation.

In short, the Court finds that Dr. Hamdan's conduct warrants early termination of his probation and that the interests of justice will be served here by granting him the relief sought. Therefore, in its discretion, the Court will order that the term of probation shall conclude on March 28, 2020.

Accordingly,

**IT IS** on this 27th day of February, 2020,

**ORDERED** that Defendant Aiman Hamdan's application for early termination of his term of probation [docket entry 73] is **GRANTED**; and it is further

**ORDERED** that, pursuant to 18 U.S.C. § 3564(c), the term of probation imposed on Defendant Aiman Hamdan shall be reduced to two years, to terminate on March 28, 2020.

    s/ Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge